### CITY OF TOLEDO, v. MARGARET DUFFY.

1. ERRONEOUS CHARGE AS TO RIGHT OF INJURED PARTY TO RECOVER PHYSICIAN'S FEES.

    In an action for damages, including physician's fees, for injuries sustained by plaintiff, a married woman, it is error for the court to charge the jury that plaintiff's right to recover such fees depended upon the fact "whether she herself is or is not liable to pay these expenses."

2. RIGHT OF INJURED PARTY TO RECOVER PHYSICIAN'S FEES.

    Such fees cannot be recovered, where the evidence clearly shows that there was no employment by plaintiff of the physician, but that instead the husband was clearly liable; and it was therefore the duty of the court to have directed the jury that the fees for the physician's services could not be recovered by plaintiff in this case as against the city.

ERROR.

7 Dec. 8

HAYNES, J.

Margaret Duffy brought suit in the court of common pleas of this county against the city of Toledo to recover damages for a personal injury sustained by her while walking along a street of the city, by reason of a defective sidewalk. Such proceedings were had that a judgment was rendered in her favor for $500. The defendant in that suit—plaintiff in error here—the city of Toledo, prosecutes error here, claiming error in two particulars: one, the admission of certain evidence as to the condition of the sidewalk; and the other, that there was error in the charge of the court in regard to the physician's fees.

So far as the testimony in regard to the condition of the sidewalk is concerned, I shall not stop to discuss that. We said at the hearing of the case all that we desire to say, and that in substance is, that these questions have been before us several times during the past few years, and we have uniformly held that such evidence was admissible, and that we have at times given our reason for that holding at some length. Indeed, one case of a kindred nature decided by us went to the supreme court, and was affirmed by that court. So that on the objections to the evidence, we find that there was no error committed by the court of common pleas.

In regard to the charge of the court, we think there was error. In the course of the trial the plaintiff testified as to what physician she had who attended her during her illness, and the physician was called as a witness. It appears that the plaintiff was taken, perhaps, to the physician's office, and afterwards she sent for the physician, and he came and attended to the case. The bill for his services was $35. The physician testified that he charged the bill against the husband upon his book of account, at the time. The court said to the jury this:

"The question whether or not the plaintiff, being a married woman, can recover as a part of her damages, if she is entitled to recover at all, medical expenses necessarily incurred in being treated for her injury, depends upon the answer to this question; whether she herself is or is not liable to pay these expenses. It is not claimed here that she has paid them. Therefore they could not be included as a part of her damages unless she is liable for them—unless the physician who rendered the services could maintain an action against her and recover for them from her. Ordinarily, if a married woman employes a physician to treat her, and that is all there is to it, if he treats her at her request upon her employment, she is liable; but if the services were rendered under such circumstances as to show that there was no intention upon the part of the physician to charge her, and that it was his intention and her own also that he should charge her husband alone, and the husband is liable, then he could not maintain an action against her; she would not be liable for such services, and therefore could not recover them as a part of her damages. If her husband alone is liable, she cannot recover them in this case; but if she is liable, then she can recover."

The statute, commencing at section 3108, defines the rights of the husband and wife, which is in many respects declaratory of the common law; at section 3110, that the husband must support himself and his wife and minor children out of his property or by his labor; if he is not able to do it, his wife must assist so far as she is able. Clearly this plaintiff being a married woman, known at the time she employed the physician, to be such, the husband was first liable for her care in sickness, and it was his duty to furnish her the necessary means for her recovery, so far as he

could, as well as to support her. It was his duty to furnish all medical attendance for the wife. If the wife being injured as was the plaintiff below in this case, sends as she might for a physician, and the physician comes, she is acting in that case as the agent of her husband, and he will be liable for the physician's bill, in the absence of a special contract between her and the physician whereby she herself personally becomes liable herself to pay him. The difficulty with this charge is, that it informs the jury that if the wife sent for the physician, employed him, and he attended her at the time she was injured, then she became personally liable. We do not so understand the law. We think it is very clear from the evidence in this case that there was no employment in a legal sense by her of the physician, and that the husband alone was liable; and we think it was clearly the duty of the court, under the testimony, to have directed the jury that the services of the physician could not be recovered by the plaintiff in this case as against the city.

Under the charge of the court, a verdict having been rendered, we will do this: if the amount of $35 is remitted from the judgment, it will be affirmed as to the balance; otherwise it will be reversed.

*C. F. Watts*, for Plaintiff in Error.

*E. O. King* and *P. A. Macgahan*, for Defendant in Error.

---

## FEES OF PROBATE JUDGES.